| Debtor(s): | **Raven Denise Lee** | Case Number: | **19-10735** |

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA - Shreveport Division**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

| Part 1: | Notices |

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ☑ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ☑ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ☑ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan |

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

☑ **Original Plans.** $**405.00** per **month** for **60** months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
$_____ per _____ for _____ months, and
$_____ per _____ for _____ months.
$_____ per _____ for _____ months.

Debtor(s): **Raven Denise Lee**   Case Number: **19-10735**

**Check one:** The applicable commitment period is:  36 months (Below Median Income) ☑
60 months (Above Median Income) ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

> **All income tax refunds excluding Earned Income Credit, Child Tax Credit, and $1,000.00 per debtor.**

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☑ **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Pre-Petition Amount of Arrearage, if any | Current Monthly Payment Begins |
|---|---|---|---|---|
| **Ally Financial** | **2019 Kia Soul 5,000 miles** | $474.00 | Arrears, if any, will be paid by the Co-Debtor. | **May, 2019** |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s)<br>☑ Third party – Name & Relationship to Debtor(s)<br>**Co-Debtor, Darreyon Lee** | | |
| **Independence Motor Co, LLC** | **2007 Lincoln Continental 140,463 miles** | $344.00 | Arrears, if any, will be paid by the Co-Debtor. | **May, 2019** |
| | | Disbursed by:<br>☐ Trustee<br>☐ Debtor(s)<br>☑ Third party – Name & Relationship to Debtor(s)<br>**Co-Debtor, Kemika Harris** | | |

| Debtor(s): | **Raven Denise Lee** | Case Number: | **19-10735** |
|---|---|---|---|

☐ The trustee shall pay post-petition default payments for mortgage payments in the following amounts and coming due during the months itemized.

| Name of Creditor | Description of Collateral | Current Installment Payment (including escrow) | Specified Months for Default | Post Petition total Unpaid |
|---|---|---|---|---|
| -NONE- | | | | |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only in the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| **Kia Motors Finance** | **$21,664.55** | **2017 Kia Sportage 53,000 miles** | **$13,675.00** | **$13,675.00** | **7.5%** | **$274.02** |
| **Republic Finance** | **$3,261.00** | **Televisions, 2 PS4s with Games, Stereo, 2 DVD Players, Laptop, I-Pad Mini, Tablet** | **$1,000.00** | **$1,000.00** | **7.5%** | **$20.02** |
| **Tower Loan** | **$2,300.00** | **Televisions, Sound Bar, 2 PS4s with Games - (Almost all Collateral is subject to lien of Republic)** | **$400.00** | **$400.00** | **7.5%** | **$8.02** |

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☑ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

Debtor(s): **Raven Denise Lee**  Case Number: **19-10735**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee    ☑ Yes    ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $**3,600.00** of which $**3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0.00** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:.

Domestic Support Obligations prepetition arrears other than those provided for in 4.4 below shall be disbursed by the Trustee:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| -NONE- | | |

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by the trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| Simon Fitzgerald, LLC | Noticing Costs | $250.00 |

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5: Treatment of Non-priority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Debtor(s): **Raven Denise Lee**  Case Number: **19-10735**

Based upon the scheduled unsecured and undersecured claims in the amount of $**83,115.73**, it is anticipated unsecured creditors will be paid approximately $**0.00**, which is approximately **0.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items or Direct Pay Unmodified Secured Debts.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Property Description | Current Installment Payment | Amount of Arrearages to be paid, if any | Number of Installments Remaining |
|---|---|---|---|---|
| **North Pointe Subdivision** | **Residential Lease** | $430.00 | $0.00 | 5 |

Disbursed by:
☐ Trustee
☑ Debtor(s)
☐ Third party – Name & Relationship to Debtor(s)

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

## Part 8: Other Plan Provisions

**8.1 Adequate Protection Payments:**

Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.

| Creditor | Adequate Protection Payment |
|---|---|
| **Kia Motors Finance** | **$136.75** |

**8.2 Changed Circumstances.**

Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Debtor(s): | **Raven Denise Lee** | Case Number: | **19-10735** |
|---|---|---|---|

### Part 10: Signatures

| /s/ Kevin R. Molloy | Date: | **May 20, 2019** |
|---|---|---|
| **Kevin R. Molloy #17331** | | |
| Signature of Attorney for Debtor(s) | | |

| /s/ Raven Denise Lee | Date: | **May 20, 2019** |
|---|---|---|
| **Raven Denise Lee** | | |
| Debtor | | |
| | Date: | |
| Joint Debtor | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

***************************

| | | |
|---|---|---|
| **IN RE:** Raven Denise Lee | : | **Case No: 19-10735** |
| | : | |
| **Debtors** | : | **Chapter 13** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 21, 2019,** I caused a copy of the foregoing **Chapter 13 Plan** to be served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Office of the U.S. Trustee        Todd S. Johns, Chapter 13 Trustee

and also to all parties listed on the attached mailing matrix by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon through the third-party bankruptcy notice provider, BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.Bankr.P. 9001(9) and 2002(g)(4).

**Dated:  May 21, 2019**

                                               **By:**   /s/ Cheryl Simon
                                                       Cheryl Simon,
                                                       Legal Assistant to Kevin R. Molloy

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0536-5<br>Case 19-10735<br>Western District of Louisiana<br>Shreveport<br>Tue May 21 12:04:19 CDT 2019 | Ally Financial<br>200 Renaissance Ctr.<br>Detroit, MI 48243-1300 | Caddo Parish Sheriff<br>505 Travis St., 7th Floor<br>Shreveport, LA 71101-3029 |
| Comcast<br>Attn: Collections<br>4700 North Pointe Parkway<br>Alpharetta, GA 30022-2427 | Courtesy Loan<br>1700 Old Minden Rd.<br>Bossier City, LA 71111-4831 | Credit Management, LP<br>POB 118288<br>Carrollton, TX 75011-8288 |
| Credit One Bank NA<br>PO Box 98875<br>Las Vegas, NV 89193-8875 | Cristina Walker<br>Assistant United States Attorney<br>Western District of Louisiana<br>300 Fannin Street, Suite 3201<br>Shreveport, LA 71101-3120 | Darreyon Lee<br>2636 King Arthur Cir.<br>Shreveport, LA 71107-4331 |
| Department of Motor Vechicles<br>7701 Independence Blvd.<br>Baton Rouge, LA 70806-6406 | FSNB, NA<br>511 SW Ave.<br>Lawton, OK 73501 | Fed Loan Service<br>POB 60610<br>Harrisburg, PA 17106-0610 |
| First Heritage Credit<br>6205 Westport Ave., Ste. 100<br>Shreveport, LA 71129-2327 | Independence Motor Co, LLC<br>531 E. 70th Street<br>Shreveport, LA 71106-3227 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Todd Johns (Ch 13 Trustee)<br>Chapter 13 Trustee<br>POB 1770<br>Shreveport, LA 71166-1770 | Kemika Harris<br>2947 Oak Forest Lane<br>Shreveport, LA 71107-5802 |
| Kia Motors Finance<br>4000 Macarthur Blvd.<br>Newport Beach, CA 92660-2558 | Kia Motors Finance<br>Po Box 20825<br>Fountain Valley, CA 92728-0825 | Raven Denise Lee<br>2636 King Arthur Circle<br>Shreveport, LA 71107-4331 |
| Louisiana Department of Revenue and Taxation<br>Attn: Bankruptcy Division<br>P.O. Box 66658<br>Baton Rouge, LA 70896-6658 | Kevin R. Molloy<br>Simon, Fitzgerald, Cooke, et al<br>4700 Line Ave., #200<br>Shreveport, LA 71106-1533 | North Pointe Subdivision<br>2580 Freddie Street<br>Shreveport, LA 71107 |
| Office of District Counsel<br>Internal Revenue Service<br>POB 30509<br>New Orleans, LA 70190-0509 | Office of Legal Affairs<br>Department of Public Safety & Co<br>P.O. Box 66614<br>Baton Rouge, LA 70896-6614 | Office of Motor Vehicles<br>9310 Normandie Dr.<br>Shreveport, LA 71118-3800 |
| Office of Motor Vehicles<br>Suspensions & Revocations<br>POB 64886<br>Baton Rouge, LA 70896-4886 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | State of Louisiana, Department of Labor<br>Delinquent Accounts Unit,UI Tech Support<br>1001 North 23rd Street, Room 322<br>Baton Rouge, LA 70802-3338 |

| (p)TOWER LOAN | Office of U. S. Trustee | World Finance |
| P O BOX 320001 | 300 Fannin St., Suite 3196 | 108 Frederick Street |
| FLOWOOD MS 39232-0001 | Shreveport, LA 71101-3122 | Greenville, SC 29607-2532 |

World Finance
835 Benton Rd., Ste. 3
Bossier City, LA 71111-3740

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Insolvency Unit | Republic Finance | Tower Loan |
| Internal Revenue Service | 3000 North Market St., Ste. 186 | 6363 Hearne Avenue |
| 1555 Poydras St. | Shreveport, LA 71107 | Suite 210 |
| Suite 220, Stop 31 | | Shreveport, LA 71108 |
| New Orleans, LA 70112 | | |

End of Label Matrix
Mailable recipients    33
Bypassed recipients     0
Total                  33